Swing, J.
The main question in this case hinges on the point whether there was a binding contract between the parties. Guthrie made a written proposition to sell to the Elevator Company *183 certain real estate. The Elevator Company wrote “accepted, title to be good.” There was no statement in the proposal of Guthrie that the title was to be good. The law on this subject is thus stated: “The acceptance of an offer must be absolute and unqualified, for until there is such acceptance, the negotiations amount to nothing more than proposals and counter-proposals.” 3 Am. Ency. 852.
W. P. Biddle and Peek & Shaffer, for the Elevator Company.
Follett & Kelley, for Guthrie.
“Acceptance must be unequivocal, unconditional and without variance from the proposal.” 7 West Rep., (Mo.) 106.
And in 117 Ill., p. 118, the court held, that an offer to sell lands, and an acceptance adding “providing the title is perfect,” did not constitute a contract.
It seems to us that under the general rule of law, as above stated, and under the decision in the 117 Ills., supra, there was no binding contract in this case,for the offer to sell is not accepted unequivocally,unconditionally and without variance. The acceptor adds “the title to be good.” It may be that an acceptor can not be compelled to take an estate unless the seller has a good title; but the acceptor may waive this and take the property and rely on his warranty. But here he says he won’t take it unless the title is good.
Besides, it seems to us that the evidence in the case clearly shows that the Elevator Company did not understand that when Guthrie was offering to sell the property,that the title was in him, but on the contrary, that he was the agent of the Harrison heirs in negotiating the sale, and that there was in fact a question as to whether a good title could be made, and therefore they were careful to add, as a condition to their acceptance, “title to be good,” and that they thereby intended to vary the proposition to sell to this extent.
Judgment affirmed.